James Thomas ROULETTE,
Plaintiff—Appellant,

v.

FERRARI OF NORTH AMERICA, INC.; Giani Luigi Longinotti Buxtoni; Ferrari Retail Cars San Francisco, dba Ferrari of San Francisco, Defendants—Appellees.

No. 00–15762.

D.C. CV–99–20215–JF/EAI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 12, 2001.

Decided Feb. 28, 2002.

Before PREGERSON and RAWLINSON, Circuit Judges, and WEINER, District Judge [1].

## MEMORANDUM [2]

Roulette [3] appeals the district court's order dismissing his first amended complaint for failure to state a claim. The complaint alleged that Ferrari of North America (FONA) interfered with Roulette's proposed acquisition of a Ferrari dealership by wrongfully refusing to consent to an assignment of the franchise by the franchisee, and that this interference constituted intentional interference with prospective economic advantage ("intentional interference"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate the dismissal and remand.

The district court, relying on *Kasparian v. County of Los Angeles*, dismissed Rou-

---

1. Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

3. The district court noted that Roulette died in January 1999 and that the amended complaint was brought by his successors in interest.

lette's complaint because it determined that Ferrari's franchisor status made Ferrari a party to the contract between Roulette and the franchisee, and therefore that a claim of intentional interference was barred. 38 Cal.App.4th 242, 45 Cal. Rptr.2d 90, 100 (Ct.App.1995) (tort of intentional interference cannot be asserted against a party to the relationship from which plaintiff's anticipated economic advantage would arise). *Kasparian,* however, does not apply here.

At heart, *Kasparian* seeks to limit those plaintiffs who can properly assert an intentional interference claim by excluding those who are parties to the contract which if breached would entitle them to assert a contract damage claim. Based on the policy of protecting the expectations of the contracting parties against frustration by third parties, the *Kasparian* court held that the tort of intentional interference may be asserted only against "outsiders who have no legitimate social or economic interest in the contractual relationship." *Kasparian,* 45 Cal.Rptr.2d at 100. The rationale supporting this argument is that to allow a party who is *not* an "outsider" to state a claim for intentional interference would open up the use of tort theories to enable a party to the contract to recover extra-contractual damages. *See* 5 Witkin Summary of California Law § 652A (2001 Supplement) (discussing *Kasparian* and clarifying that the *prohibition* on claims for intentional interference with economic advantage only applies to those for whom contract damages are available); *see also Don Rose Oil Co., Inc. v. Lindsley,* 160 Cal.App.3d 752, 206 Cal.Rptr. 670, 673–74 (Ct.App.1984) (prospective assignee of franchise claiming tortious interference had standing to show that franchisor acted unreasonably in withholding its consent to assignment of franchise by franchisee). As Roulette has no contract remedy against FONA, he is clearly an "outsider" who may assert the tort claim of intentional interference against FONA.

Accordingly, we conclude that the district court's reading of *Kasparian* was incorrect, find that Roulette may assert his claim for intentional interference with economic advantage against FONA, and remand the case for further proceedings. Given our holding, we need not address whether the district court abused its discretion in denying Roulette leave to amend his complaint.

REVERSED AND REMANDED.